IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Shimshon Wexler, | ) | C.A. NO.: 6:16-cv-01492-TMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ANSWER** |
| | ) | |
| LVNV Funding, LLC, | ) | **(Jury Trial Demanded)** |
| | ) | |
| Defendant. | ) | |

Defendant, LVNV Funding, LLC (hereinafter "LVNV"), by and through its undersigned attorneys, hereby answers the complaint of the plaintiff as follows:

## FOR A FIRST DEFENSE

1.      Paragraph 1 of the Complaint states a legal conclusion to which a response is not necessary.  To the extent a response is necessary, the allegations of paragraph 1 are denied.

2.      In response to allegations contained in paragraph 2, LVNV admits that Chase Bank USA, N.A. ("Chase Bank") charged off the account on July 30, 2010 with a balance of $22,850.57.  LVNV denies the remaining allegations contained in paragraph 2.

3.      In response to allegations contained in paragraph 3, LVNV admits that on or around March 10, 2011, Chase Bank sold the account to Sherman Originator, III, LLC; Sherman Originator, III, LLC thereafter transferred the account internally to Sherman Originator LLC; and Sherman Originator LLC thereafter transferred the account internally to LVNV.  LVNV denies the remaining allegations contained in paragraph 3.

4.      In response to the allegations contained in paragraph 4, LVNV admits that its master servicing agent, Resurgent Capital Service, L.P. ("Resurgent"), reported the account on

LVNV's behalf to three major consumer reporting agencies. LVNV denies the remaining allegations contained in paragraph 4.

     5.      LVNV denies the allegations contained in paragraph 5.

     6.      LVNV denies the allegations contained in paragraph 6.

     7.      LVNV denies the allegations contained in paragraph 7.

     8.      In response to the allegations contained in paragraph 8, LVNV admits that the letter attached to the Complaint as Exhibit A was received. LVNV lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 8 and, therefore, denies same.

     9.      LVNV admits the allegations contained in paragraph 9.

     10.      LVNV admits the allegations contained in paragraph 10.

     11.      In response to the allegations contained in paragraph 11, LVNV admits that it is a Delaware corporation and its registered agent in South Carolina is Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina 29223. LVNV denies the remaining allegations contained in paragraph 11.

     12.      LVNV denies the allegations contained in paragraph 12.

     13.      LVNV lacks sufficient information to form a belief as to the truth of the allegations of paragraph 13 and, therefore, denies same.

     14.      LVNV lacks sufficient information to form a belief as to the truth of the allegations of paragraph 14 and, therefore, denies same.

     15.      LVNV repeats and realleges the defenses contained in the previous paragraphs as if fully restated herein.

     16.      LVNV denies the allegations contained in paragraph 16.

17.    In response to the allegations contained in paragraph 17, LVNV admits that Resurgent, on behalf of LVNV, verified and reported that the account balance was more than $22,850.00.  LVNV denies the remaining allegations contained in paragraph 17.

18.    Paragraph 18 states a legal conclusion to which a response is not necessary.  To the extent a response is necessary, the allegations of paragraph 18 are denied.

19.    LVNV denies the allegations contained in paragraph 19.

20.    In response to the allegations contained in paragraph 20, LVNV denies that its conduct was unlawful.  LVNV lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 20 and, therefore, denies same.

21.    LVNV denies the allegations contained in paragraph 21.

22.    LVNV denies the allegations contained in paragraph 22.

23.    LVNV denies each and every allegation of the Complaint not admitted, modified, or explained hereinabove.

## FOR A SECOND DEFENSE

24.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

25.    Plaintiff has failed to state a claim upon which relief can be granted, and the Complaint should be dismissed.

## FOR A THIRD DEFENSE

26.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

27.    Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FOR A FOURTH DEFENSE

28.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

29.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## FOR A FIFTH DEFENSE

30.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

31.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

## FOR A SIXTH DEFENSE

32.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

33.    Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

## FOR A SEVENTH DEFENSE

34.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

35.    Plaintiff has voluntarily and intentionally waived known rights against LVNV, and therefore Plaintiff's claims should be dismissed.

## FOR AN EIGHTH DEFENSE

36.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

37.    Plaintiff has failed to mitigate his damages as required by law.

**FOR A NINTH DEFENSE**

38.    LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

39.    Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, having fully answered the Plaintiff's Complaint, LVNV respectfully prays that the Complaint be dismissed with prejudice, for the costs of defending this action, and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Adam C. Bach
ADAM C. BACH (#9877)
Eller Tonnsen Bach
1306 S. Church Street
Greenville, South Carolina 29605
(864) 236-5013 (Office)
(864) 312-4191 (Fax)
Email: abach@etblawfirm.com

*Attorney for Defendant LVNV Funding, LLC*

June 24, 2016
Greenville, South Carolina

LVNV hereby demands trial by jury of all issues triable by a jury.

/s/Adam C. Bach
Adam C. Bach