UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
------------------------------------------------------------X
SHIMSHON WEXLER

            Plaintiff,

v.

LVNV FUNDING, LLC

           Defendant.
------------------------------------------------------------X

Case No.:16-cv-1492-TMC-KFM

**AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

**JURY TRIAL DEMANDED**

Plaintiff amends his Complaint as of right pursuant to FRCP 15(a)(1)(B) as Defendant filed its Answer on June 24, 2016:

**INTRODUCTION AND BACKGROUND FACTUAL INFORMATION**

1. Plaintiff, Shimshon Wexler, brings this lawsuit against LVNV Funding, LLC ("LVNV") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").

2. Chase Bank USA, N.A. ("Chase Bank") charged off Plaintiff's account on July 30, 2010 with a balance of $22,850.57.

3. The balance on Plaintiff's account with Chase Bank was not higher than $22,850.57 on September 1, 2010.

4. The balance on Plaintiff's account with Chase Bank was not higher than $22,850.57 on January 1, 2011.

5. The balance on Plaintiff's account with Chase Bank was not higher than $22,850.57 when Chase Bank sold Plaintiff's account.

6.     LVNV claims that on or around March 10, 2011, Chase Bank sold Plaintiff's account to Sherman Originator, III, LLC and that Sherman Originator, III, LLC thereafter transferred the account internally to Sherman Originator LLC and that Sherman Originator LLC thereafter transferred the account internally to LVNV.

7.     LVNV or someone acting on its behalf began reporting Plaintiff's account to the credit bureaus with a balance of approximately $22,850.57.

8.     LVNV did not acquire from Chase the right to charge contractual interest on Plaintiff's account.

9.     LVNV did not acquire from Chase the right to charge statutory interest on Plaintiff's account.

10.    Chase demonstrated an intention to waive its right to contractual interest on Plaintiff's account after the account was charged off.

11.    Chase demonstrated an intention to waive its right to statutory interest on Plaintiff's account after the account was charged off.

12. Chase waived its right to collect statutory interest on Plaintiff's account after it was charged off.

13. Chase waived its right to collect contractual interest on Plaintiff's account after it was charged off.

14. After Chase sold the account, Plaintiff was charged a rate of interest exceeding 10% simple interest per annum until January 5, 2015.

15. After Chase sold the account, Plaintiff was charged different rates of interest.

16. Plaintiff sent numerous letters (including the letter attached as **Exhibit A**) directly to LVNV, its servicing agent Resurgent Capital and the 3 major credit bureaus seeking to have his credit report fixed but LVNV did not correct its reporting about Plaintiff.

## JURISDICTION AND VENUE

17. This Court has jurisdiction under 15 USC § 1681(p) (FCRA).

18. Venue in this District is proper under 28 USC § 1391(b)(1) because LVNV "resides" within this district as defined by USC § 1391(c)(2).

## PARTIES

19. Defendant LVNV Funding LLC is a Delaware corporation with

offices in South Carolina. Its registered agent in South Carolina is Corporation Service Company, 1703 Laurel Street, Columbia, SC 29223.

20. LVNV is a "furnisher of information" as defined by the FCRA.

21. LVNV or someone acting on its behalf reported information to the credit bureaus about Plaintiff's account.

22. Plaintiff is a consumer as defined by the FCRA.

23. Plaintiff resides at 1856 Berkeley Mews NE, Atlanta, GA 30329.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM AGAINST LVNV

24. Plaintiff incorporates all of the above paragraphs as though fully stated herein.

25. LVNV violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to reasonably investigate Plaintiff's disputes (including the dispute letter attached as Exhibit A) when Experian, Trans Union and Equifax contacted LVNV in response to plaintiff disputing the credit report and in providing false information as a result.

26. LVNV repeatedly reported and verified that plaintiff's account had a balance of more than $22,850.

27. Section 1681s-2(b) provides:

**(b) Duties of furnishers of information upon notice of dispute.**

**(1) In general. After receiving notice pursuant to section 611(a)(2) [15 USC §1681i(a)(2)] of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**

**(A) conduct an investigation with respect to the disputed information;**

**(B) review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [15 USC §1681i(a)(2)];**

**(C) report the results of the investigation to the consumer reporting agency; and**

**(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**

28. LVNV failed to carry out its duties under 1681s-2(b).

29. LVNV's unlawful conduct proximately caused Plaintiff actual damages, including but not limited to: harm to credit reputation; unfavorable credit terms;

reduction in credit score; emotional distress and mental anguish; out-of-pocket expenses; and time.

30. LVNV committed such violations willfully, recklessly and/or negligently.

31. Plaintiff is entitled to damages pursuant to 15 U.S.C. §1681n and/or §1681o.

WHEREFORE, plaintiff requests that the Court enter judgment in his favor and against LVNV for:

(1) Appropriate actual, punitive and statutory damages;

(2) Litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

Dated: Atlanta, GA
June 27, 2016

Shimshon Wexler, *Pro Se*
1856 Berkeley Mews, NE
Atlanta, GA 30329
212-760-2400 (cell)
917-512-6132 (fax)
shimshonwexler@yahoo.com

**JURY DEMAND**

Plaintiff demands trial by jury.

Shimshon Wexler

## CERTIFICATE OF SERVICE

I hereby certify that on 6-27-16, I mailed this motion for partial summary judgment to this Court at US District Court - South Carolina 300 East Washington St, Greenville, SC 29601
I believe that the Court will then enter the documents into the CM/ECF system for all counsel of record to view them.

I also mailed a copy of this motion for partial summary judgment to Counsel for Defendant Adam C Bach at Eller Tonnsen Bach 1306 S Church St Greenville, SC 29605

Shimshon Wexler