IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Shimshon Wexler, ) | C.A. NO.: 6:16-cv-01492-TMC-KFM |
| Plaintiff, ) | |
| v. ) | **ANSWER TO AMENDED COMPLAINT** |
| LVNV Funding, LLC, ) | **(Jury Trial Demanded)** |
| Defendant. ) | |

Defendant, LVNV Funding, LLC (hereinafter "LVNV"), by and through its undersigned attorneys, hereby answers the Amended Complaint of the plaintiff as follows:

## FOR A FIRST DEFENSE

1.      Paragraph 1 of the Amended Complaint states a legal conclusion to which a response is not necessary. To the extent a response is necessary, the allegations of paragraph 1 are denied.

2.      LVNV admits the allegations contained in paragraph 2.

3.      LVNV lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies same.

4.      LVNV lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies same.

5.      LVNV lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies same.

6.      LVNV admits the allegations contained in paragraph 6.

7.      In response to the allegations contained in paragraph 7, LVNV admits that its master servicing agent, Resurgent Capital Service, L.P. ("Resurgent"), reported the account on

LVNV's behalf to three major consumer reporting agencies. LVNV denies the remaining allegations contained in paragraph 7.

8. LVNV denies the allegations contained in paragraph 8.

9. LVNV denies the allegations contained in paragraph 9.

10. LVNV denies the allegations contained in paragraph 10.

11. LVNV denies the allegations contained in paragraph 11.

12. LVNV denies the allegations contained in paragraph 12.

13. LVNV denies the allegations contained in paragraph 13.

14. In response to the allegations contained in paragraph 14, LVNV admits that lawful interest was charged on the account before January 5, 2015. LVNV denies the remaining allegations contained in paragraph 14.

15. LVNV lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies same.

16. In response to the allegations contained in paragraph 16, LVNV admits that the letter attached to the Amended Complaint as Exhibit A was received. LVNV lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 16 and, therefore, denies same.

17. LVNV admits the allegations contained in paragraph 17.

18. LVNV admits the allegations contained in paragraph 18.

19. In response to the allegations contained in paragraph 19, LVNV admits that it is a Delaware corporation and its registered agent in South Carolina is Corporation Service Company, 1703 Laurel Street, Columbia, SC 29223. LVNV denies the remaining allegations contained in paragraph 19.

20. LVNV denies the allegations contained in paragraph 20.

21. In response to the allegations contained in paragraph 21, LVNV admits that its master servicing agent, Resurgent, reported the account on LVNV's behalf to three major consumer reporting agencies. LVNV denies the remaining allegations contained in paragraph 21.

22. LVNV lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 22 and, therefore, denies same.

23. LVNV lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies same.

24. LVNV repeats and realleges the defenses contained in the previous paragraphs as if fully restated herein.

25. LVNV denies the allegations contained in paragraph 25.

26. In response to the allegations contained in paragraph 26, LVNV admits that Resurgent, on behalf of LVNV, verified and reported that the account balance was more than $22,850.00. LVNV denies the remaining allegations contained in paragraph 26.

27. Paragraph 27 states a legal conclusion to which a response is not necessary. To the extent a response is necessary, the allegations of paragraph 27 are denied.

28. LVNV denies the allegations contained in paragraph 28.

29. In response to the allegations contained in paragraph 29, LVNV denies that its conduct was unlawful. LVNV lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 29 and, therefore, denies same.

30. LVNV denies the allegations contained in paragraph 30.

31. LVNV denies the allegations contained in paragraph 31.

32. LVNV denies each and every allegation of the Amended Complaint not admitted, modified, or explained hereinabove.

**FOR A SECOND DEFENSE**

33. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

34. Plaintiff has failed to state a claim upon which relief can be granted, and the Amended Complaint should be dismissed.

**FOR A THIRD DEFENSE**

35. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

36. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

**FOR A FOURTH DEFENSE**

37. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

38. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

**FOR A FIFTH DEFENSE**

39. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

40. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

**FOR A SIXTH DEFENSE**

41. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

42. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

**FOR A SEVENTH DEFENSE**

43. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

44. Plaintiff has voluntarily and intentionally waived known rights against LVNV, and therefore Plaintiff's claims should be dismissed.

**FOR AN EIGHTH DEFENSE**

45. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

46. Plaintiff has failed to mitigate his damages as required by law.

**FOR A NINTH DEFENSE**

47. LVNV adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

48. Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

WHEREFORE, having fully answered the Plaintiff's Amended Complaint, LVNV respectfully prays that the Amended Complaint be dismissed with prejudice, for the costs of defending this action, and for such other relief as the Court deems just and proper.

                    Respectfully submitted,

                    /s/Adam C. Bach
                    ADAM C. BACH (#9877)
                    Eller Tonnsen Bach, LLC
                    1306 S. Church Street
                    Greenville, South Carolina 29605
                    (864) 236-5013 (Office)
                    (864) 312-4191 (Fax)
                    Email: abach@etblawfirm.com

                    *Attorney for Defendant LVNV Funding, LLC*

July 8, 2016
Greenville, South Carolina


LVNV hereby demands trial by jury of all issues triable by a jury.

/s/Adam C. Bach
Adam C. Bach