SCD - Mediation Guidelines



# UNITED STATES DISTRICT COURT
## District of South Carolina

**WHAT'S NEW**    **LINKS**    **FORMS**    **GENERAL INFORMATION**    **RECORDS**    **RULES**    **STANDING ORDERS**



- ECF
- Attorneys
- Judges
- Jurors
- Mediation / ADR
- Pro Se Representing Yourself
- Reference
- Cases of Interest
- Media

## Guidelines

- Alternative Dispute Resolution Statement and Certification
- Compensation of mediator
- Eligibility
- Local Rule Reference
- Mediator certification
- Relief from mediation requirement
- Reporting statistical data regarding mediations
- Selection of mediator

Mediation is an informal and confidential process in which a neutral third party (mediator) facilitates settlement discussions between parties. Any settlement is voluntary, and the parties lose none of their rights to trial by judge or jury in the absence of voluntary settlement. The mediator has no authority to make a decision or impose a settlement. Communications during a mediation conference are confidential.

- Certified Mediator Listing

Contact Danny Mullis, ADR Program Director at 843-579-1435 (phone) or 843-579-1434 (fax) or at danny_mullis@scd.uscourts.gov for additional information and/or questions.

▲ [ TOP OF PAGE ]

### Alternative Dispute Resolution Statement and Certification

Within the time period set forth in the Scheduling Order, counsel for each party is required to file and serve a statement certifying that counsel has: (1) provided the party with any materials relating to ADR that were required to be provided by the Local Civil Rule 16.01 Scheduling Order; (2) discussed the availability of ADR mechanisms with the party; and (3) discussed the advisability and timing of ADR with opposing counsel.

The ADR Statement and Certification is required without regard to whether an Order to Conduct Mediation has been entered.

A form which may be used as the ADR Statement and Certification is included on the forms page of this web site.

▲ [ TOP OF PAGE ]

### Compensation of mediator

- *By agreement.* When the mediator is stipulated by the parties, compensation shall be agreed upon between the parties and the mediator.
- *By court order.* When the mediator is appointed by the court, the mediator shall be compensated by the parties at an hourly rate set by agreement of the parties or by the appointing court. Magistrate judges appointed by the court serve without charge to the parties.
- *Payment of compensation by parties.* Unless otherwise agreed to by the parties or ordered by

SCD - Mediation Guidelines

the court, fees are paid in equal shares per party at the conclusion of the mediation conference.

- *Indigent cases.* A party may move before the court, prior to the scheduling of the mediation conference, to be exempted from payment of mediation fees based upon indigency. Magistrate judges appointed by the court serve without charge to the parties.

▲ [ TOP OF PAGE ]

### Eligibility

To be eligible for inclusion on the roster, a person must:

- Be admitted to practice in this state or in the highest court of another state or the District of Columbia.
- Have practiced law for at least five (5) years.
- Have received a J.D. degree or its equivalent from a law school approved by the American Bar Association or the South Carolina Supreme court under Rule 402(c)(3), South Carolina Appellate court Rules.
- Be a member in good standing in each jurisdiction where admitted to practice law.
- Not have been, within the last five(5) years:
    - Disbarred or suspended from the practice of law
    - Denied admission to a bar for character or ethical reasons
    - Publicly reprimanded or publicly disciplined for professional conduct
- If not a member of the South Carolina Bar, agree to be subject to the Rules of Professional Conduct, Rule 407, South Carolina Appellate court Rules; to the Rule on Disciplinary Procedure, Rule 413, South Carolina Appellate court Rules; and/or Local Rules dealing with the admission to practice to the same extent as active members of the South Carolina Bar practicing before this court.
- Have completed a civil mediation training program approved by the South Carolina Supreme court or its designee, or this District court, or any other equivalent training program or experience.
- Be able to demonstrate familiarity with the statutes, rules and practice governing mediation conferences in the District of South Carolina.
- Be of good moral character and adhere to any ethical standards applicable to attorneys or mediators practicing before this court, or in the courts of the State of South Carolina.
- Agree to provide mediation to indigents without pay (or with pro rata reduction in fees to be paid if fewer than all parties are indigent).

▲ [ TOP OF PAGE ]

### Local Rule Reference

See Local Rules 16.03 through 16.12.

▲ [ TOP OF PAGE ]

### Mediator certification

The Alternative Dispute Resolution Director maintains a roster of certified mediators. An Application for certification as a Mediator can be obtained from the ADR Program Director, the clerk of court, or from the court's web site. If the application is in order and upon approval of the court, the applicant's name is added to the roster. The completed application should be returned to the ADR Program Director for review and submission to the court.

▲ [ TOP OF PAGE ]

### Relief from mediation requirement

Parties may request relief from any mediation requirement by motion and relief shall be freely given for good cause shown.

▲ [ TOP OF PAGE ]

### Reporting statistical data regarding mediations

As provided by this district's local rules, the clerk of court is authorized to require reporting of statistical data regarding mediations. See Local Civil Rule 16.10, DSC. This district has implemented a program of reporting that requires that each mediator to complete an Alternative Dispute Resolution Tracking Form ("ADR Tracking Form") at the conclusion of any mediation. The data obtained may be used to determine the success rate of mediation and, ultimately, to compare mediation to other forms of ADR.

The form should be returned to the ADR Program Director within 28 days of the conclusion of any mediation. It should require only a few minutes to complete. Because a few inquiries may require input from counsel, the mediator may wish to cover these items during the mediation.

A copy of the ADR Tracking Form is included on the Forms page of this web site. It is designed to be a self-mailer and should be returned to the ADR Program Director by mail, email or fax. Additional copies may be reproduced by the mediator or obtained from the ADR Program Director, clerk of court's office, or from the court's web site.

▲ [ TOP OF PAGE ]

### Selection of mediator

Any person deemed qualified by all of the parties may serve as a mediator. In the absence of an agreement by the parties, a person must be certified by the court as qualified and taken from a roster of mediators maintained by the Alternative Dispute Resolution Program Director.

Unless otherwise ordered, the parties must select a mediator within 21 days prior to the deadline for mediation. If the parties cannot agree upon a mediator within this time period, the plaintiff's attorney shall file a motion requesting appointment of a mediator.

Magistrate judges may be available for appointment by the court as mediators in limited circumstances, e.g., pro se and indigent cases, and serve without charge to the parties.

▲ [ TOP OF PAGE ]

