UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SHIMSHON WEXLER, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. |
| LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, LP | ) 16-CV-1492-TMC-KFM |
| Defendants. | ) |

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

This case was brought alleging that Defendants reported false information about Plaintiff to the credit bureaus. When Plaintiff disputed the information with the credit bureaus, the credit bureaus passed on the dispute to the Defendants. Plaintiff alleges in violation of Defendants statutory duties Defendants failed to reasonably investigate plaintiff's dispute on multiple occasions.

Plaintiff is trying to get some basic information but the Defendant has failed to provide it. Aside from a large document production and evasive interrogatory responses, Defendants have failed to provide information as to the accuracy of the Defendants' trade line on Plaintiff's credit report and have also failed to provide

information as to the nature of their investigation into Plaintiff's dispute. The one piece of information that Plaintiff has been able to obtain (because of a threat to bring a motion to compel) has been that the balance at the time Chase is alleged to have charged off Plaintiff's account is the same balance as it was 8 months later when it was sold to Defendants' predecessors. This is a very strong indication that Chase had decided to waive interest after it charged off Plaintiff's account. Despite the strong indication that Chase had intentionally waived its right to charge either contractual or statutory interest, Defendants have added approximately $14,000.00 in interest to Plaintiff's account.

Plaintiff now turns to the Court for assistance in compelling proper responses to his interrogatories. For the Court's convenience, Plaintiff has attached the Defendant's Responses to Plaintiff's request for production of documents as well as Defendant's responses to Plaintiff's interrogatories.

> Rule 37 entitled "Failure to Make Disclosures or to Cooperate in Discovery; Sanctions" provides
>
> (a) Motion for an Order Compelling Disclosure or Discovery.

(1) *In General.* On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(2) *Appropriate Court.* A motion for an order to a party must be made in the court where the action is pending. A motion for an order to a nonparty must be made in the court where the discovery is or will be taken.

(3) *Specific Motions.*

(A) *To Compel Disclosure.* If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.

(B) *To Compel a Discovery Response.* A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:

(i) a deponent fails to answer a question asked under Rule 30 or 31;

(ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);

(iii) a party fails to answer an interrogatory submitted under Rule 33; or

(iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

(C) *Related to a Deposition.* When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order.

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

Defendants' response to Interrogatories # 2 as well as 12 and 13 refers to their response to Plaintiff's Request for Production ("RFP") # 1. RFP # 1 asks for Plaintiff's file. Defendant seems to have produced Plaintiff's entire file. However, the responses to interrogatories 2, 12 and 13 are not contained within the file. Defendants' responses to the interrogatories do not identify which part of RFP #1 relates to the response to interrogatories 2, 12 and 13. Plaintiff assumes Defendants are answering the interrogatory pursuant to FRCP 33(d). However, the interrogatory response is totally deficient even under that rule.

Interrogatory number 14 is evasive and incomplete because the Defendants do not provide the interest rates charged on Plaintiffs account rather they just say that the rates charged were lawful sidestepping the question.

In response to Document Request numbers 6, 7, 8, 9, 13, 14 and 15 Defendants assert that LVNV is not in possession of the documents. However the documents certainly are under the custody or control of LVNV as Resurgent is the servicer of the account and a company with common ownership. Defendants must produce those documents.

Plaintiff needs to see and is entitled to see what rights and obligations and the contract whereby Defendants acquired Plaintiff's account. RFPs 16-20 seek that precise information. This is perhaps the most important document in the case. Courts around the country have determined that when debt is sold there are frequently contractual terms specifically referencing the right to charge interest to the account holder.

Wherefore, Plaintiff requests that the Court order Defendant to provide non-evasive and complete responses to Plaintiff's interrogatories and any other relief the Court deems fit.

Dated: 10/20/2016

                Respectfully Submitted,

                Shimshon Wexler
                1856 Berkeley Mews NE
                Atlanta, GA 30329
                212-760-2400
                shimshonwexler@yahoo.com

## Certification

I have in good faith conferred or attempted to confer with Defendant to obtain the disclosures or discovery identified above in an effort to obtain it without court action.

Dated: 10/20/2016

                Respectfully Submitted,

                Shimshon Wexler
                1856 Berkeley Mews NE
                Atlanta, GA 30329
                212-760-2400
                shimshonwexler@yahoo.com