IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Shimshon Wexler, | C.A. NO.: 6:16-cv-01492-TMC-KFM |
| Plaintiff, | |
| v. | **ANSWER TO SECOND AMENDED COMPLAINT OF DEFENDANT RESURGENT CAPITAL SERVICES, L.P.** |
| LVNV Funding, LLC, and Resurgent Capital Services, L.P., | |
| | **(Jury Trial Demanded)** |
| Defendants. | |

Defendant, Resurgent Capital Services, L.P. (hereinafter "Resurgent"), by and through its undersigned attorneys, hereby answers the Second Amended Complaint of the plaintiff as follows:

## FOR A FIRST DEFENSE

1. Paragraph 1 states a legal conclusion to which a response is not necessary. To the extent a response is necessary, the allegations of paragraph 1 are denied.

2. Resurgent admits the allegations contained in paragraph 2.

3. Resurgent lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 3 and, therefore, denies same.

4. Resurgent lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 4 and, therefore, denies same.

5. Resurgent lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 5 and, therefore, denies same.

6. Resurgent admits the allegations contained in paragraph 6.

7. In response to the allegations contained in paragraph 7, Resurgent admits that it reported the account on LVNV Funding LLC's ("LVNV") behalf to three major consumer reporting agencies. Resurgent denies the remaining allegations contained in paragraph 7.

8. Resurgent denies the allegations contained in paragraph 8.

9. Resurgent denies the allegations contained in paragraph 9.

10. Resurgent denies the allegations contained in paragraph 10.

11. Resurgent denies the allegations contained in paragraph 11.

12. Resurgent denies the allegations contained in paragraph 12.

13. Resurgent denies the allegations contained in paragraph 13.

14. In response to the allegations contained in paragraph 14, Resurgent admits that lawful interest was charged on the account before January 5, 2015. Resurgent denies the remaining allegations contained in paragraph 14.

15. Resurgent lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 15 and, therefore, denies same.

16. In response to the allegations contained in paragraph 16, Resurgent admits that the letter attached to the Second Amended Complaint as Exhibit A was received. Resurgent lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 16 and, therefore, denies same.

17. Resurgent admits the allegations contained in paragraph 17.

18. Resurgent admits the allegations contained in paragraph 18.

19. In response to the allegations contained in paragraph 19, Resurgent admits upon information and belief that LVNV is a Delaware corporation and its registered agent in South

Carolina is Corporation Service Company, 1703 Laurel Street, Columbia, SC 29223.  Resurgent denies the remaining allegations contained in paragraph 19.

20. Resurgent admits the allegations contained in paragraph 20.

21. In response to the allegations contained in paragraph 21, Resurgent admits that it reported the account on LVNV's behalf to three major consumer reporting agencies.  Resurgent denies the remaining allegations contained in paragraph 21.

22. Resurgent denies the allegations contained in paragraph 22.

23. Resurgent lacks sufficient information to form a belief as to the truth of the allegations contained in paragraph 23 and, therefore, denies same.

24. Resurgent repeats and realleges the defenses contained in the previous paragraphs as if fully restated herein.

25. Resurgent denies the allegations contained in paragraph 25.

26. In response to the allegations contained in paragraph 26, Resurgent admits that it verified and reported on LVNV's behalf that the account balance was more than $22,850.00. Resurgent denies the remaining allegations contained in paragraph 26.

27. Paragraph 27 states a legal conclusion to which a response is not necessary.  To the extent a response is necessary, Resurgent refers to the referenced statute and denies any inconsistent allegations.

28. Resurgent denies the allegations contained in paragraph 28.

29. In response to the allegations contained in paragraph 29, Resurgent denies that its conduct was unlawful.  Resurgent lacks sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 29 and, therefore, denies same.

30. Resurgent denies the allegations contained in paragraph 30.

31. Resurgent denies the allegations contained in paragraph 31.

32. Resurgent denies each and every allegation of the Second Amended Complaint not admitted, modified, or explained hereinabove.

## FOR A SECOND DEFENSE

33. Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

34. Plaintiff has failed to state a claim upon which relief can be granted, and the Second Amended Complaint should be dismissed.

## FOR A THIRD DEFENSE

35. Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

36. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

## FOR A FOURTH DEFENSE

37. Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

38. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## FOR A FIFTH DEFENSE

39. Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

40. Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of estoppel.

**FOR A SIXTH DEFENSE**

41.     Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

42.     Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches.

**FOR A SEVENTH DEFENSE**

43.     Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

44.     Plaintiff has voluntarily and intentionally waived known rights against Resurgent, and therefore Plaintiff's claims should be dismissed.

**FOR AN EIGHTH DEFENSE**

45.     Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

46.     Plaintiff has failed to mitigate his damages as required by law.

**FOR A NINTH DEFENSE**

47.     Resurgent adopts and realleges each and every allegation set forth above, and not inconsistent herewith, as if fully repeated herein.

48.     Any violation of law, which is specifically denied, was not intentional and resulted from a bona fide error.

WHEREFORE, having fully answered the Plaintiff's Second Amended Complaint, Resurgent respectfully prays that the Second Amended Complaint be dismissed with prejudice, for the costs of defending this action, and for such other relief as the Court deems just and proper.

Respectfully submitted,

/s/Adam C. Bach
ADAM C. BACH (#9877)
Eller Tonnsen Bach, LLC
1306 S. Church Street
Greenville, South Carolina 29605
(864) 236-5013 (Office)
(864) 312-4191 (Fax)
Email: abach@etblawfirm.com

*Attorney for Defendants*

October 28, 2016

Greenville, South Carolina

Resurgent hereby demands trial by jury of all issues triable by a jury.

/s/Adam C. Bach
Adam C. Bach

6